

PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ANISSA D. DEVLIN | : | Case No. 06-16105PM |
| a/k/a ANISSA D. BOARDLEY | : | Chapter 13 |
| | : | |
| Debtor | : | |

## MEMORANDUM OF DECISION

     Timothy P. Branigan, the Chapter 13 Trustee in this case, filed a Limited Objection to the claim for administrative expense filed by Tommy Andrews, Jr., and Tommy Andrews, Jr., P.C. The objection was filed on February 13, 2007. Counsel's Disclosure of Compensation filed with the petition was verbose and confusing, made references to cases under Chapter 7, and contained a provision noting counsel's ability to withdraw as attorney of record 90 days from the date of the entry of an Order confirming the Plan. After the Trustee's objection, counsel filed an Amended Disclosure of Compensation pursuant to Bankruptcy Rule 2016(b), another somewhat confusing and verbose disclosure that extended the scope of services to be provided and noted counsel's undertaking to remain as attorney of record in the case until its conclusion.

     The court has carefully counsel's response to the objection, including counsel's assertion that at the time he entered into the agreement with Debtor that he was to be paid the $4,500.00 fee for the life of the case in advance, ahead of all creditors, even if the case were dismissed the day after confirmation. While that may have been counsel's understanding with his client, there is no such understanding with either the Trustee or this court. This court has the duty under § 329(b) of the Bankruptcy Code to ascertain the reasonable value of services rendered.

     Counsel objects to the payment of the balance of his fee stating, "[t]o impose a system

whereby Debtor's counsel is forced to bear the burden of risk in Chapter 13 cases that have a notoriously low rate of completion forces competent counsel to reexamine the practice of Chapter 13 bankruptcy." What counsel is suggesting is that Chapter 13 cases are a money tree for counsel, and the interests of creditors and the debtor are to be subordinated to the fiscal wellbeing of counsel.

The court has examined the "Pre-bill Worksheet" of counsel and believes that many of the time entries inflated. Nothing in this case appeared exceptional. Furthermore, a substantial portion of counsel's attorney's fee relate to services to be rendered in the hereafter. The court finds it inappropriate to pay counsel "in front" well before the time these services are rendered, if ever they are to be rendered. While the court will not cut the fee that it finds excessive, it will order that payments to counsel, after an initial payment of $1,750.00 by the Trustee from funds on hand, shall be paid at the rate of $125.00 a month each month following the entry of the Order Confirming Plan.

Counsel suggests that the monthly payment will force it to withdraw from the practice of bankruptcy law. Inasmuch as counsel appears of record in more than 900 cases filed since the year 2000, it appears to the court that counsel will be receiving a constant cash flow from Trustee payments in cases. An appropriate order will be entered.

cc:
Tommy Andrews, Jr., 122 N. Alfred Street, Alexandria, VA 22314
Anissa D. Devlin, 10312 Twin Knoll Way, Upper Marlboro, MD 20772
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**